IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAMONA CUMMINGS | § |
| | § |
| VS. | § CIVIL ACTION NO.4:12-CV-460-Y |
| | § |
| JOE KEFFER, Warden, | § |
| FMC-Carswell | § |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(ii)

This case is before the Court for review of pro-se inmate and plaintiff Ramona Cummings's civil complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Cummings, an inmate housed at the Bureau of Prisons, FMC--Carswell facility, has filed a civil complaint seeking relief under the Federal Tort Claims Act ("FTCA"). Cummings alleges that "while performing her assigned duties as an orderly at FMC-Carswell" on September 24, 2010, she suffered a fall "after she was asked to lift several heavy items (i.e., microwaves, computer monitors, etc.) by the staff, when staff knew full well that petitioner was prohibited from doing any heavy lifting." (Compl. at 1.) Cummings alleges that the fall caused her to suffer injury to her skull and legs, with several other minor injuries. (Compl. at 1.) Although Cummings named Warden Joe Keffer as a defendant in her complaint, in her more definite statement filed in response to the Court's order, Cummings now "retracts her use of the warden as a defendant in this case." (More Definite Statement (MDS) at ¶¶ 4-5.) Cummings alleges that she suffers ongoing injury, and she seeks monetary damages.

(Compl. at 2, 3)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Cummings's complaint and more definite statement, the Court concludes that her claims for relief under the FTCA are barred, and

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Title 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

must be dismissed under the authority of these provisions. Any claims against Joe Keffer will be dismissed without prejudice.

The Inmate Accident Compensation Act ("IAC"), 18 U.S.C. § 4126, authorizes proceeds gained from prison industries to be deposited into a fund to, in part, pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined."[6] This statute is a federal prisoner's exclusive remedy against the United States for work-related injuries and bars a prisoner from seeking recovery under the FTCA.[7] As Cummings's claim arises from her work as an orderly at FMC-Carswell, she may not assert a claim under the FTCA for injuries sustained in such incident. Thus, her claims under the FTCA must be dismissed under authority of 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] 18 U.S.C. A. § 4126(c)(4)(West 2000).

[7] *United States v. Demko,* 385 U.S. 149, 152-53 (1966); *see also Walker v. Reese,* 364 Fed. Appx. 872, 876 (5th Cir.)(as to federal inmate's claims under the FTCA arising from burns sustained while working in the kitchen at FCC-Yazoo City, "the U.S. Supreme Court and Fifth Circuit have repeatedly provided that the BOP's IAC system is the exclusive means of recovery for prison-employee's work-related injuries") (citations omitted), *cert. den'd,* 131 S.Ct. 243 (2010); *Aston v. United States,* 625 F.2d 1210, 1211 (5th Cir. 1980)("Injuries sustained [by federal prisoners] while working are not [compensable under the FTCA]. *Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job")(citing *Thompson v. United States*, 495 F.2d 192 (5th Cir. 1974)(aggravation of work-related injuries by negligent medical care); *Wooten v. United States*, 437 F.2d 79 (5th Cir. 1971) (prisoner injured in elevator while on lunch break); *United States v. Cole*, 376 F.2d 848 (5th Cir. 1967); *Jewell v. United States,* 274 F.Supp. 381 (N.D. Ga.1967).

3

The Court will not construe Cummings's claim as one under the IAC because a prisoner "cannot receive compensation under the IAC Regulations until he is released, and cannot file a claim more than 45 days prior to release."[8] According to the Bureau of Prisons, Ramona A. Cummings is not scheduled for release until January 25, 2014.[9] Thus, Cummings is not yet entitled to pursue relief under the IAC regulations, and presently has no remedy under 18 U.S.C. § 4126. If Cummings wishes to seek relief under the IAC at the appropriate time, section 301.303 provides guidance as to the proper form to complete and also provides that "assistance will be given the inmate to properly prepare the claim, if the inmate wishes to file."[10]

Therefore, Ramona Cummings's claim for relief under the FTCA is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Any claims against Joe Keffer are DISMISSED without prejudice.

SIGNED January 25, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*Luttrell v. United States,* No.93 C 5226, 1994 WL 605746, at *2 (N.D. Ill. Nov. 3, 1994)(citing 28 C.F.R. § 301.301(a) & § 301.303).

[9]*See* www.bop.gov last visited January 24, 2013.

[10]28 C.F.R. § 301.303(a)(2012).

4